## DEFENSES OF WANT OF JURISDICTION AND ON THE MERITS.

Court of Appeals for Columbiana County.   .

JOHN H. SMITH v. GEORGE FRESHWATER ET AL.[*]

Decided, April 8, 1915.   .

*Jurisdiction—Defense of Want of, Must be Made at Threshold of the Case and Continued to the End—Effect of Objection to Jurisdiction Not Destroyed by Subsequent Answer on the Merits.*

Where a defendant has interposed by motion an objection to the jurisdiction of the court over his person, he does not upon the overruling of the motion submit to the jurisdiction by filing an answer in which he challenges the jurisdiction of the court in the first defense and in a second defense answers to the merits of the cause.

*W. F. Lones* and *Geo. T. Farrell,* for plaintiff in error.

*Billingsley, Moore & Van Fossan* and *Hughes & Tripplehorn,* contra.

HOUCK, J. (of the Fifth Appellate District, sitting in place of Spence, J.) ; POLLOCK, J., and METCALFE, J., concur.

This is an error proceeding. The parties to this case stand here in the same relation to each other as in the court below.

The plaintiff brought suit in the common pleas court of this county against the defendants, claiming damages from them in the sum of five thousand dollars, as the result of injuries and damages to a vein of coal belonging to plaintiff. Summons was issued for all of the defendants, but was only served upon two of them. The defendants, George Freshwater, Lee Freshwater, Philip Freshwater, Milton Freshwater and Elmer Freshwater, were not served with summons. Their attorney appeared and

---

[*]Motion to direct the Court of Appeals to certify its record in this case to the Supreme Court, overruled July 2, 1915.

filed a motion solely and wholly for the purpose of attacking the jurisdiction of the court over their person, and asked that the summons be quashed. Why the motion was filed we do not know, and the record does not disclose. They then filed an answer, setting up two defenses: *first*, attacking the jurisdiction of the court over their person; *second*, answering to the merits of the cause set out in the petition of plaintiff. The cause was heard, and the action was dismissed as to them, and to their dismissal the plaintiff excepts.

The only question to be determined is, whether by answering in the first defense in which they challenged the jurisdiction of the court, they submitted themselves to the jurisdiction of the court, by interposing a second defense in which they answered to the merits of the cause? We think not.

In support of the view of the court in this case, we desire to call counsel's attention to the case of *Long* v. *Newhouse et al*, 57 O. S., 368. We might say, in the first place, as the court views it, he who attempts to invoke the authority that a court has no jurisdiction over his person, must do so at the very beginning of the case, and continue it until the end. In other words—

"It must be at the very threshold of the defendant's appearance to the action. The reason is a plain one. If a party may at the same time invoke the jurisdiction of a court on the merits of an action, and deny its jurisdiction over his person it would work great injustice."

The court here, in distinguishing and passing upon the case in 11 O. S., 379, and also in 7 O. S., 234, say:

"He could under such practice, if the judgment on the merits is in his favor, avail himself of it as a bar to another action, but if it should be against him, he could set it aside for want of jurisdiction of his person. Hence it is said, that, 'If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection.' In *Allen* v. *Miller*, the court is careful to observe that Miller embraced the first occasion which offered, to-wit, in his answer, to assert his objection to the jurisdiction of the court; and distinguished

the case from that of *Evans* v. *Iles*, 7 O. S., 234, where the defendant had previously filed a demurrer, and, although withdrawn, had, as the court held, subjected the defendant to its jurisdiction. And, commenting on the withdrawal of the demurrer, the court said: 'It ceased to be of any consequence in the case; but as a fact, the evidence of which was indelibly fixed on the journal of the court, and constituting of itself an appearance in the case, it was as significant and as operative after the demurrer was withdrawn as it was before.' "

Therefore, in the case at bar, the defendants in question interposed an objection to the court's jurisdiction over their person. And after the motion was overruled, filed an answer, and in the first defense again challenged the jurisdiction of the court over their person; and we think that having pursued this from the beginning until the end the court was without jurisdiction over the person.

We therefore find no error in the record, and the *judgment* of the court below is affirmed.